UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA EUGENIO,<br>Plaintiff,<br>v.<br>SPROUTS FARMERS MARKET, INC.,<br>Defendant. | Case No. 5:26-cv-10178-EKL<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT RE: ARTICLE III STANDING** |

Plaintiff Estrella Eugenio filed this putative class action against Defendant Sprouts Farmers Market, Inc., alleging that Defendant installs third-party trackers on individuals' internet browsers when they visit the website https://www.sprouts.com/. Plaintiff alleges that these trackers, by intercepting and collecting information about its visitors, violate the Wiretap Act, 18 U.S.C. § 2510 *et seq*., and various California statutes. Plaintiff initially filed a complaint in the Superior Court of California, County of Santa Clara. Not. of Removal at 1, ECF No. 1. Defendant removed the action based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* On review of the complaint, the Court is concerned about its subject-matter jurisdiction. Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded to the Superior Court for lack of Article III standing.

A case filed in state court may be removed if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Thus, "[f]or there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case –in other words, standing." *Id.* To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual

United States District Court
Northern District of California

or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*

A "concrete" injury must be "real" and not "abstract," but not necessarily "tangible." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). To determine whether a plaintiff has alleged a concrete injury in a privacy case, courts ask whether the alleged harm bears a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Popa v. Microsoft Corp.*, 153 F.4th 784, 789 (9th Cir. 2025) (citation modified). Although a statutory violation alone does not establish standing, the unauthorized collection or interception of private information may constitute a concrete injury if it closely resembles a traditionally recognized privacy tort. *See Spokeo*, 578 U.S. at 340-42. "As the party invoking the federal judicial power, [Defendant] has the burden of establishing the facts necessary to support standing[.]" *Tailford v. Experian Infos. Sols., Inc.,* 26 F.4th 1092, 1099 (2022) (citation omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Id.*

Having reviewed the complaint, the Court has doubts as to whether Plaintiff has alleged a concrete injury under Article III. Plaintiff alleges that in and around June 2025, she browsed Defendant's website, where a user can "purchase groceries . . . and related consumer goods" and "access information regarding weekly promotions . . . and related customer services." Compl. ¶¶ 70, 98, ECF No. 1-1. Once she visited the website, the website, "as programmed by Defendant," caused trackers to be installed on Plaintiff's browsers. *Id.* ¶ 99. Plaintiff alleges that the trackers collected "Plaintiff's and Class Members' identifying information and [w]ebsite activity." *Id.* ¶ 103. However, Plaintiff does not provide any more specific allegations as to what information was collected and shared, what targeted advertising Plaintiff received as a result, or how any such collection or use was highly offensive. The collection of website activity and IP addresses have not been recognized as being similar to the "highly offensive interferences or disclosures that were actionable at common law." *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1144 (E.D. Cal. 2025) (citation modified) (collecting cases); *see also Carolus v. Nexstar Media Inc.*, No. 24-cv-07790, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (rejecting theory of concrete injury based on a privacy interest in controlling one's personal

information when the plaintiffs alleged collection of their IP addresses because that "only disclose[s] the fact that a given device visited [the] website and the general location of that device, including what zip code it's in."). Further, even if collection of such information was actionable, Plaintiff has not alleged facts which support an inference that any such information was collected about her.

Plaintiff's other theory of concrete injury is not sufficient. Plaintiff alleges that "[t]he information on consumer behavior gathered by [Defendant] has tremendous value," and Plaintiff could have obtained $30 to $500 for the information in a focus group. *Id.* ¶ 60; *see also id.* ¶ 178 (alleging that "similar information, as provided in focus groups, would entitle Plaintiff and the Class Members to. . . $50 to $200."). While Plaintiff's information may have value to Defendant and other companies, "it does not follow that the same information, when not disclosed, has independent economic value to an individual user." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019). Plaintiff did not allege that she intended to sell her information to anyone, or that there was a market for her data as a stand-alone product. *Id.* Thus, as alleged, "[t]he plaintiff['s] economic-loss theory is [] purely hypothetical and does not give rise to standing." *Id.*, *see also LaCourt v. Specific Media, Inc.*, No. 10-cv-01256, 2011 WL 1661532, at *4 (C.D. Cal. Apr. 28, 2011).

For purposes of Article III standing, Plaintiff must have *personal* standing. *TransUnion*, 594 U.S. at 423 (to invoke Article III of the Constitution, a "plaintiff must have a 'personal stake' in the case"). Plaintiff has not alleged sufficient facts from which the Court can infer *she* suffered a concrete injury for purposes of Article III standing. Other courts, when reviewing substantively similar complaints, have remanded those actions because the complaints did not establish that the plaintiffs had suffered a concrete injury. *See, e.g.*, *De v. Kelley Blue Book Co.*, No. 3:26-cv-08363, 2026 WL 2886017, at *1 (N.D. Cal. Sep. 25, 2026); *Robinson v. Snap-On Inc.*, No. 3:26-cv-08723, 2026 WL 2874916, at *1 (N.D. Cal. Sep. 24, 2026). Accordingly, by **November 13, 2026**, Defendant is ordered to show cause in writing as to why this action should not be remanded to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c)

United States District Court
Northern District of California

(a case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]").

**IT IS SO ORDERED.**

Dated: October 30, 2026

Eumi K. Lee
United States District Judge